ORIGINAL

1   TOWNSEND AND TOWNSEND AND CREW LLP
    GREGORY S. GILCHRIST (CA State Bar # 111536)
2   VERONICA BESMER (CA State Bar # 246560)
    Two Embarcadero Center, 8th Floor
3   San Francisco, California 94111
    Telephone: (415) 576-0200
4   Facsimile: (415) 576-0300

5   Attorneys for Plaintiff
    WILLIAMS-SONOMA, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  WILLIAMS-SONOMA, INC., a California        Case No. _____
    corporation,

12                        Plaintiff,           **COMPLAINT FOR FEDERAL**
                                               **TRADEMARK INFRINGEMENT;**
13              v.                             **DILUTION; COPYRIGHT**
                                               **INFRINGEMENT; VIOLATION OF**
14  COCOON FURNISHINGS, INC., a California     **FEDERAL UNFAIR COMPETITION LAW;**
    company,                                   **CALIFORNIA TRADEMARK**
                                               **INFRINGEMENT; VIOLATION OF**
15                        Defendant.           **CALIFORNIA FALSE ADVERTISING AND**
                                               **UNFAIR COMPETITION LAW**
16                                             **(INJUNCTIVE RELIEF SOUGHT)**

17                                             **JURY TRIAL DEMAND**

18

19      Plaintiff Williams-Sonoma, Inc. ("WSI") alleges as follows:

20                              **PARTIES**

21      WSI is a premier specialty retailer of home furnishings, including furniture and accessories for

22  kitchens, bedrooms and bathrooms.  WSI sells nationwide through retail stores, catalogs and the

23  internet.  In addition to the well-known Williams-Sonoma operations, WSI operates wholly owned

24  subsidiaries Pottery Barn, Inc. ("Pottery Barn"), Pottery Barn Kids, Inc., Pottery Barn Teen, Inc., and

25  West Elm, Inc., among others.  Within Pottery Barn, WSI distributes and sells through Pottery Barn®

26  stores, Pottery Barn® catalogs, and the internet.  The Pottery Barn® brand is one of the most

27  respected brands in the home furnishings business and enjoys enormous goodwill among consumers.

28  The Pottery Barn® catalogs have widespread circulation (over millions per year) and are received and

1    used by a large consumer base in every part of the United States. WSI is a California corporation.

2    WSI and Pottery Barn are headquartered in San Francisco, California.

3        1.    WSI is informed and believes, and on that basis alleges, that defendant Cocoon

4    Furnishings, Inc. ("Cocoon Furnishings" or "Defendant") is a California corporation with its

5    headquarters in San Jose, California. Defendant currently sells furniture and other home accessories

6    through retail outlets in San Jose, California. Defendant also operates a website that solicits business

7    from this judicial district, which, as discussed below, infringes WSI's trademarks. Defendant

8    advertises, markets and promotes its products throughout the United States, including California and

9    this judicial district, via its website and other advertising.

10                              **JURISDICTION AND VENUE**

11        2.    WSI's first and second claims arise under the Trademark Act of 1946 (the Lanham

12    Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq.). WSI's

13    third claim arises under the Copyright Act, 17 U.S.C. §§ 101, et seq. This Court has jurisdiction over

14    such claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair

15    competition), and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the

16    state law issues pursuant to 28 U.S.C. §1367.

17        3.    Venue is proper in this Court under 28 U.S.C. § 1391 (b) because Defendant resides in

18    this judicial district and a substantial part of the events giving rise to the claims asserted arose in this

19    district.

20                    **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

21                        **WSI's Valuable Pottery Barn® Intellectual Property**

22        4.    In the course of its business, WSI, through its Pottery Barn® brand, conceives, designs,

23    and commercializes a large number of original furniture and other home accessories. WSI has sold

24    and continues to sell Pottery Barn® products through its Pottery Barn® stores, catalogs and the

25    internet.

26        5.    To further protect its rights under the Pottery Barn® brand, WSI owns several

27    trademarks and applications, including, among others, a federal trademark registration for POTTERY

28    BARN (Registration No. 2021077; first used April of 1956; registered on December 3, 1996). This

61060091 v3    COMPLAINT                                              - 2 -
*Williams-Sonoma, Inc. v. Cocoon Furnishings, Inc.*; Case No. _____

1    registration, and all other WSI registrations, applications, and common law marks incorporating the

2    Pottery Barn® name, including "PB" which is a common consumer reference to WSI's "Pottery Barn"

3    brands, will be referred to collectively hereafter as "Pottery Barn Marks."

4        6.      WSI has continuously used its Pottery Barn Marks in interstate commerce in the United

5    States, including California and this judicial district, in connection with the manufacture, distribution,

6    sale, advertisement, and promotion of its products during all time periods relevant to the claims in the

7    Complaint.

8        7.      WSI also owns valid copyright registrations for its Pottery Barn® catalogs.

9        8.      Prior to the events giving rise to this Complaint, and continuing to the present, WSI has

10    spent substantial time, money, and effort in the promotion and advertisement of its products, and has

11    made millions of dollars of sales in the market with use of its Pottery Barn Marks.  Through such

12    financial investment and effort, WSI has developed considerable good will and a reputation for quality

13    products.

14        9.      By virtue of WSI's long use of its Pottery Barn Marks, as well as WSI's extensive

15    advertising, and large volume of sales, potential and actual consumers accept and recognize the

16    Pottery Barn Marks as identifying WSI's products only and distinguishing them from products

17    manufactured and sold by others.

18                        **Defendant's Unfair Competition and Infringement of**
                          **Pottery Barn's Intellectual Property Rights**
19

20        10.      Beginning at some point in the past, and continuing until the present, Defendant, with

21    actual or constructive knowledge of the Pottery Barn Marks and Pottery Barn® catalog copyright

22    registrations, has sold furniture and other home items that have been marketed in ways that infringe

23    WSI's intellectual property.

24        11.      Defendant has been and is engaged in a systematic pattern of exploiting the Pottery

25    Barn Marks in order to capture for itself the goodwill that WSI has earned.  Aware of Pottery Barn's

26    reputation for high quality products, Defendant has set out to confuse consumers as to any distinction

27    between WSI and/or Pottery Barn® and Defendant.  Among other deceptive acts, Defendant features

28    the Pottery Barn Marks in its print advertising and on its website as a way to attract and divert

61060091 v3    COMPLAINT                                        -                            3 -
*Williams-Sonoma, Inc. v. Cocoon Furnishings, Inc.*; Case No. _____

1    consumers to its own furniture products. The Pottery Barn® name is often in large text and presented

2    as the main attraction. For example, Defendant proclaims on its website: "We offer many of the same

3    styles and manufacturers that supply top tier retail stores such as Pottery Barn . . .– for a fraction of the

4    retail cost." The website continues: "Our warehouse has many floor samples to see and manufacturer

5    has an entire catalogue full of furnishings," and proceeds to state that "You will recognize similar

6    furniture styles as your favorite retailers such as Pottery Barn$^{TM}$ . . . but will be happy not to recognize

7    their prices!". Further, according to the website, one of the benefits of purchasing Defendant's

8    products is that "[t]he savings range from 10% to 60% off retail pricing on almost everything we

9    offer." WSI is informed and believes that these asserted discounts are not genuine discounts offered

10   from prices usually and regularly charged by Defendant, but rather are purported price reductions on

11   the same products offered by WSI. The discounts are stated in this false and deceptive manner to

12   reinforce the misleading impression that the same products are offered for sale. Attached as Exhibit A

13   are true and correct copies of pages from Defendant's website. All of these false statements are made,

14   without any authorization, to convey that Defendant has Pottery Barn® products, or products seen in

15   Pottery Barn® catalogs, for sale.

16        12.    In addition, Defendant distributes and displays actual Pottery Barn®, Pottery Barn®

17   Bed + Bath, and Williams Sonoma Home® catalogs throughout its showrooms. In its San Jose,

18   California store location, for example, Defendant distributes and displays multiple binders containing

19   dozens of Pottery Barn® catalog photos and Pottery Barn® collection names, which implies that WSI

20   has authorized Defendant's sale of Pottery Barn® products. All of these tactics are designed by

21   Defendant to intentionally convey the overall misimpression that a consumer might purchase the same

22   products at its store that are available at a Pottery Barn® store for a higher price.

23        13.    WSI is informed and believes, and on that basis alleges, that Defendant has marketed

24   and sold substantial quantities of products by virtue of its infringement of the Pottery Barn Marks, and

25   has obtained and continues to obtain profits from these sales.

26        14.    Defendant's actions have caused and will cause WSI irreparable harm for which money

27   damages and other remedies are inadequate. Unless Defendant is restrained by this Court, Defendant

28   will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to

1    cause great and irreparable damage and injury to WSI through, <u>inter</u> <u>alia</u>:

2        a.    Depriving WSI of its statutory and common law rights to use and control use of

3            its trademarks and copyrighted material;

4        b.    Creating a likelihood of confusion, mistake and deception among consumers

5            and the trade as to the source of Defendant's products;

6        c.    Causing the public to falsely associate WSI and/or Pottery Barn® with

7            Defendant or vice versa;

8        d.    Causing incalculable and irreparable damage to WSI's goodwill and its

9            trademarks and copyrights; and

10        e.    Causing WSI to lose sales of its genuine products.

11        f.    Eroding the distinctive quality of the Pottery Barn® brand and tarnishing the

12            mark in the eyes of consumers.

13    15.    Accordingly, in addition to other relief sought, WSI is entitled to permanent injunctive

14    relief against Defendant, its officers, agents, employees, and against all persons acting in concert with

15    it.

16                        **FIRST CLAIM**
                    **FEDERAL TRADEMARK INFRINGEMENT**
17                    (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

18    16.    WSI realleges and incorporates by reference each of the allegations contained in

19    paragraphs 1 through 17 of this Complaint.

20    17.    Without WSI's consent, Defendant has used, in connection with the sale, offering for

21    sale, distribution, marketing, or advertising of Defendant's goods, the Pottery Barn Marks, which

22    constitutes infringement of WSI's trademarks.

23    18.    These acts of trademark infringement have been committed with the intent to cause and

24    which are likely to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

25    19.    As a direct and proximate result of Defendant's infringing activities as alleged herein,

26    WSI has suffered substantial damage.

27    20.    Defendant's trademark infringement as alleged herein is an exceptional case and was

28    intentional.  Said exceptional and intentional infringement has damaged WSI as described herein,

1   entitling WSI to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§

2   1117(a) and 1117(b).

3                                    **SECOND CLAIM**
                              **FEDERAL DILUTION OF FAMOUS MARK**
4                             **(Federal Trademark Dilution Act of 1995)**
                              **(15 U.S.C. § 1125(c); Lanham Act § 43(c))**
5

6       21.    WSI realleges and incorporates by reference each of the allegations contained in

7   paragraphs 1 through 23 of this Complaint.

8       22.    WSI's Pottery Barn Marks are distinctive and famous within the meaning of the

9   Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

10      25.    Defendant's use of the Pottery Barn Mark is not fair use, and instead constitutes

11  deceptive and misleading overuse of the mark in any attempted comparison of the parties' products.

12      23.    Defendant's activities as alleged herein constitute dilution of the distinctive quality of

13  WSI's Pottery Barn Marks in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §

14  1125(c) as amended.

15      24.    WSI is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

16      25.    Because Defendant willfully intended to trade on WSI's reputation or to cause dilution

17  of WSI 's famous trademark, WSI is entitled to damages, extraordinary damages, fees and costs

18  pursuant to 15 U.S.C. § 1125(c)(2).

19                                    **THIRD CLAIM**
                              **COPYRIGHT INFRINGEMENT**
20                            **(17 U.S.C. §§ 101, *et. seq.*)**

21      26.    WSI realleges and incorporates by reference each of the allegations contained in

22  paragraphs 1 through 27 of this Complaint.

23      27.    WSI owns the copyrights to its Pottery Barn® and Williams Sonoma® catalogs and has

24  complied in all respects with the requirements of the Copyright Act and received from the Register of

25  Copyrights certifications of Registrations.

26      28.    Defendant has distributed, displayed and/or reproduced the Pottery Barn® and

27  Williams Sonoma® catalogs without WSI's authorization or permission and in violation of WSI's

28

1 | exclusive rights under the Copyright Act.

2 |     29.    Defendant's unlawful distribution, display and/or reproduction of the Pottery Barn®

3 | and Williams Sonoma® catalogs constitutes copyright infringement. WSI alleges that Defendant

4 | acted intentionally, willfully and in bad faith when it distributed, displayed and/or reproduced the

5 | Pottery Barn® catalogs.

6 |     30.    As a direct and proximate result of Defendant's conduct, WSI is entitled to injunctive

7 | relief and actual damages, as well as any profits of Defendant attributable to its acts of infringement.

8 |
9 |
10 |

**FOURTH CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125 (a); Lanham Act § 43(a))**

11 |     31.    WSI realleges and incorporates by reference each of the allegations contained in

12 | paragraphs 1 through 32 of this Complaint.

13 |     32.    Defendant's use of words, terms, names, symbols or devices tends falsely to describe

14 | its products because consumers may mistakenly believe that they are buying Pottery Barn® products

15 | at Defendant's retail outlets. Defendant's conduct is likely to cause confusion, mistake, or deception

16 | by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of its

17 | products to the detriment of WSI and the Pottery Barn Marks in violation of 15 U.S.C. § 1125(a)(1).

18 |     33.    In addition, Defendant's use of words and phrases falsely suggests that there is a shared

19 | manufacturer and / or vendor for Defendant's products and Pottery Barn® products. As a

20 | consequence, consumers may mistakenly believe that they are buying products that are affiliated,

21 | associated, sponsored, or approved of by WSI and the Pottery Barn Marks. This constitutes a

22 | trademark infringement and unfair competition under the Federal Lanham Act, 15 U.S.C. §

23 | 1125(a)(1).

24 |     34.    As a direct and proximate result of Defendants' infringing activities, WSI has suffered

25 | substantial damage.

26 |     35.    Because Defendant willfully intended to trade on WSI's reputation and trademarks,

27 | WSI is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1117.

28 |

**FIFTH CLAIM**
**CALIFORNIA TRADEMARK INFRINGEMENT**
**(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

36.     WSI realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

37.     Defendant's intentional and blatant infringement of the Pottery Barn Marks constitutes infringement under California Business & Professions Code §§ 14320, 14330, and 14335.

38.     Defendant infringed the Pottery Barn Marks with knowledge and intent to cause confusion, mistake or deception.

39.     Defendant's activities were intentional, willful, wanton, fraudulent, and without justification or excuse, and were undertaken with gross indifference to the rights of WSI.

40.     Alternatively, Defendant was reckless or grossly negligent in that Defendant's actions involved such an entire want of care as could have resulted only from actual conscious indifference to the rights and welfare of WSI.

41.     As a direct and proximate result of Defendant's conduct, pursuant to California Business & Professions Code § 14340, WSI is entitled to injunctive relief, compensatory damages, and punitive damages in an appropriate amount.

**SIXTH CLAIM**
**CALIFORNIA FALSE ADVERTISING**
**(Cal. Common Law and Bus. & Prof. Code §§ 17500, 17501, 17508)**

42.     WSI realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint.

43.     Defendant has falsely advertised that Defendant sells or is authorized to sell Pottery Barn® products and has misled consumers by deceptively using the Pottery Barn Marks. These deceptions are reinforced by Defendant's statements that the articles are the "same" or the "same quality" as Pottery Barn® products and by price comparisons that suggest a fair market value for Defendant's products equal to that charged in Pottery Barn® stores when, in fact, Defendant's products have never been sold in Pottery Barn® stores, or anywhere at the purported market value prices and are not of the same quality as Pottery Barn® products. The acts described above constitute false advertising in violation of California Business & Professions Code sections 17500, 17501, 17508

1  and California common law.

2      44.    Defendant competes directly with WSI.

3      45.    Defendant's acts of false advertising have been committed willfully, with the intent to

4  cause confusion and mistake, or to deceive the consuming public.

5      46.    As a direct and proximate cause of Defendant's wrongful conduct, Defendant has been

6  and will continue to be unjustly enriched and WSI has sustained and will continue to sustain diversion

7  of trade with lost profits and injury to business reputation and goodwill, in an amount to be proven at

8  trial.

9      47.    As a direct and proximate result of Defendant's conduct, WSI is entitled to injunctive

10  relief and an order that Defendant disgorge all profits from its acts of false advertising and to

11  compensate WSI for all of its lost profits.

12                          **SEVENTH CLAIM**
                   **CALIFORNIA UNFAIR COMPETITION**
13                    **(Cal. Bus. & Prof. Code § 17200)**

14      48.    WSI realleges and incorporates by reference each of the allegations contained in

15  paragraphs 1 through 49 of this Complaint.

16      49.    Defendant's infringement of WSI's trademarks and other intentional acts designed to

17  appropriate WSI's prestige and goodwill constitutes "unlawful, unfair or fraudulent business act[s] or

18  practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California

19  Business & Professions Code § 17200.

20      50.    As a direct and proximate cause of Defendant's wrongful conduct, Defendant has been

21  and will continue to be unjustly enriched and WSI has sustained and will continue to sustain diversion

22  of trade with lost profits and injury to business reputation and goodwill, in an amount to be proven at

23  trial.

24      51.    As a direct and proximate result of Defendant's conduct, WSI is entitled to injunctive

25  relief and an order that Defendant disgorge all profits from its acts of unfair competition.

26  / / /

27  / / /

28  / / /

1

## PRAYER FOR RELIEF

2          WHEREFORE, WSI prays that this Court grant it the following relief:

3          1.      Adjudge that WSI's trademarks have been infringed by Defendant in violation of

4      WSI's rights under common law, 15 U.S.C. § 1114, and/or California law;

5          2.      Adjudge that Defendant's activities are likely to, or have, diluted WSI's famous Pottery

6      Barn Marks in violation of WSI's rights under common law, 15 U.S.C. § 1125(c), and/or California

7      law;

8          3.      Adjudge that WSI's copyrights have been infringed by Defendant in violation of WSI's

9      rights under common law, and under the Copyright Act, 17 U.S.C. § 101, et seq.

10         4.      Adjudge that Defendant has falsely advertised its products in violation of WSI's rights

11     under common law, California law and Cal. Bus. & Prof. Code §§ 17500, 17501 and 17508.

12         5.      Adjudge that Defendant has competed unfairly with WSI in violation of WSI's rights

13     under common law, 15 U.S.C. § 1125(a), Cal. Bus & Prof. Code § 17200 and/or California law;

14         6.      Adjudge that Defendant be required to account for any profits that are attributable to its

15     illegal acts, and that WSI be awarded the greater of (1) three times Defendant's profits or (2) three

16     times any damages sustained by WSI, under 15 U.S.C. § 1117, plus prejudgment interest;

17         7.      Adjudge that Defendants its agents, servants, employees, and all persons acting under

18     its permission and authority, be enjoined and restrained from referring to or infringing, in any manner,

19     WSI's trademarks and from further unfairly competing with WSI in violation of WSI's rights under

20     common law, or infringing WSI's rights or otherwise damaging WSI's goodwill or business

21     reputation, and from continuing to perform in any manner whatsoever any of the other acts

22     complained of in this Complaint;

23         8.      Adjudge that Defendant, its agents, servants, employees, and all persons acting under

24     its permission and authority, be enjoined and restrained from using or otherwise exploiting or

25     attempting to exploit, the Pottery Barn Marks for and/or in connection with any business involving the

26     sale of home furnishings and accessories, or for any other purpose;

27         9.      Adjudge that Defendant, its agents, servants, employees, and all persons acting under

28     its permission and authority, be enjoined and restrained from falsely advertising that Defendant sells

61060091 v3    COMPLAINT                                    -                                    10 -
        *Williams-Sonoma, Inc. v. Cocoon Furnishings, Inc.*; Case No. _____

1  or is authorized to sell Pottery Barn® products, or advertising through any other deceptive means;

2      10.    Adjudge that during the pendency of this action, all Pottery Barn® catalogs in the

3  possession of Defendant be impounded and that all such all catalogs and other advertising materials

4  wrongfully using the Pottery Barn Marks and all data, materials, or other means of creating such

5  materials be destroyed upon the entry of final judgment;

6      11.    Adjudge that Defendant, within thirty (30) days after service of the Judgment

7  demanded herein, be required to file with this Court and serve upon WSI's counsel a written report

8  under oath setting forth in detail the manner in which it has complied with the Judgment;

9      12.    Adjudge that WSI be awarded its actual damages and lost profits in an amount to be

10  proven at trial, that Defendant be required to account for any profits that are attributable to its illegal

11  acts, and that WSI be awarded all such amounts including any statutory damages or multipliers that

12  are available, plus prejudgment interest;

13      13.    Adjudge that WSI be awarded its attorneys' fees and other costs of suit; and

14      14.    Adjudge that all such other relief be awarded to WSI as this Court deems just and

15  proper.

16

17  DATED:  August 3, 2007                    Respectfully submitted,

18

19

20  By: _____
        Gregory S. Gilchrist
21        TOWNSEND AND TOWNSEND AND CREW LLP
        Two Embarcadero Center, Eighth Floor
22        San Francisco, California  94111
        Telephone: (415) 576-0200
23        Facsimile: (415) 576-0300

24        Attorneys for Plaintiff
        WILLIAMS-SONOMA, INC.

25

26

27

28

61060091 v3    COMPLAINT                                                    - 11 -
        *Williams-Sonoma, Inc. v. Cocoon Furnishings, Inc.*; Case No. _____

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands that this action be tried to a jury.

3

4     DATED:  August 3, 2007              Respectfully submitted,

5

6

7                                         By:  _____
                                               Gregory S. Gilchrist
8                                              TOWNSEND AND TOWNSEND AND CREW LLP
                                               Two Embarcadero Center, Eighth Floor
9                                              San Francisco, California  94111
                                               Telephone: (415) 576-0200
10                                             Facsimile: (415) 576-0300

11                                             Attorneys for Plaintiff
                                               WILLIAMS-SONOMA, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61060091 v3   COMPLAINT                                    -                                         12 -
              *Williams-Sonoma, Inc. v. Cocoon Furnishings, Inc.*; Case No. _____

**EXHIBIT A**

Cocoon Furnishings: Popular Styles at Warehouse Prices

POPULAR STYLES AT WAREHOUSE PRICES
BY APPOINTMENT

# Cocoon Furnishings, Inc.

Home

How we work

Warehouse

FAQ

Policies

Contact Us

## WELCOME TO COCOON FURNISHINGS, THE NO-FRILLS ALTERNATIVE TO PRICEY FURNITURE STORES.

In our warehouse you'll find popular styles for every room in your home. We offer many of the same styles and manufacturers that supply top tier retail stores such as Pottery Barn, ZGallerie, Ballard Designs, Restoration Hardware and Crate & Barrel, with more fabrics and finishes to choose from – for a fraction of the retail cost. Shop Smart, save money, and create the home of your dreams!

So go ahead... indulge. Your secret's safe with us!

Copyright 2005 Cocoon Furnishings. All rights reserved.

POPULAR STYLES AT WAREHOUSE PRICES
BY APPOINTMENT

# Cocoon Furnishings, Inc.

| |
|---|
| Home |
| How we work |
| Warehouse |
| FAQ |
| Policies |
| Contact Us |

## How we work and things you should know

Cocoon Furnishings is not a typical furniture store...we don't have a fancy showroom, we don't have regular hours, and we don't do much advertising. Instead we are a no-frills warehouse packed with floor samples, we work by appointment and we mostly rely on word of mouth.

Why? Because it helps to keep our overhead to a minimum and it saves you a TON of money. The savings range from 10% to 60% off retail pricing on almost everything we offer.

We work by appointment to keep the crowds to a minimum, but we are a busy place so plan on sharing us with one or two other customers.

Before you visit take measurements of the space you would like to furnish and don't forget to measure your doorways and stairwells. All sales are final so if your beautiful media armoire does not fit through your front door you might be watching your favorite shows in the garage. Bring pictures, catalogues, fabrics, and paint or color swatches if you plan on matching styles and colors.

Feel free to bring your friends when you visit...you'll appreciate a friend's honest opinion. Plan to stay with us for about an hour or two (be warned: we have so many choices your head might spin!). Our warehouse has many floor samples to see and each manufacturer has an entire catalogue full of furnishings.

You will recognize similar furniture styles as your favorite retailers such as Pottery Barn™, ZGallerie™, Restoration Hardware™ and Crate & Barrel™ but will be happy not to recognize their prices!

We feel it is only right to warn you...Cocoon Furnishings is not for everyone. If you have trouble making decisions you'll drive yourself crazy at our place. We have stacks of catalogues with tons of fabric and finishes to choose from. We will point you in the right direction and guide you a bit but we won't hold your hand and make decisions for you.

Here's how it works: once you place your order it usually takes 8 to 10 weeks for your pieces to arrive. This means the week before your sister comes into town is not the time to shop for a sleeper sofa! Costs include delivery to our receiver's warehouse where you can pick up or you can request delivery through our third party residential delivery company for a fee.

So give us a buzz to set up an appointment...see you soon!

Copyright 2005 Cocoon Furnishings. All rights reserved.