```
 1  TOWNSEND AND TOWNSEND AND CREW LLP
    GREGORY S. GILCHRIST (SBN 111536); gsgilchrist@townsend.com
 2  VERONICA BESMER (SBN 246560); vbesmer@townsend.com
    Two Embarcadero Center, 8th Floor
 3  San Francisco, California 94111
    Telephone: (415) 576-0200
 4  Facsimile: (415) 576-0300

 5  Attorneys for Plaintiff
    WILLIAMS-SONOMA, INC.
 6
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>COCOON FURNISHINGS, INC., et al.,<br><br>Defendants. | Case No. C-07-4017 JSW<br><br>**STIPULATION TO FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Williams-Sonoma, Inc. and defendant Cocoon Furnishings, Inc. hereby stipulate to the facts and conclusions contained in the attached Final Judgment and Permanent Injunction and consent to its entry by the court.

IT IS SO STIPULATED AND CONSENTED.

DATED: February 27, 2008     TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
    Veronica Besmer
    Attorneys for Plaintiff Williams-Sonoma, Inc.

DATED: February 27, 2008     HIDALGO & ASSOCIATES, INC.

By: _____
    Richard R. Hidalgo
    Attorneys for Defendant Cocoon Furnishings, Inc.

1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (SBN 111536); *gsgilchrist@townsend.com*
2  VERONICA BESMER (SBN 246560); *vbesmer@townsend.com*
   Two Embarcadero Center, 8th Floor
3  San Francisco, California 94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300

5  Attorneys for Plaintiff
   WILLIAMS-SONOMA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| WILLIAMS-SONOMA, INC., a California corporation, | Case No. C-07-4017 JSW |
|---|---|
| Plaintiff, | **FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION** |
| v. | |
| COCOON FURNISHINGS, INC., et al., | |
| Defendants. | |

Plaintiff Williams-Sonoma, Inc. ("WSI") has filed a Complaint alleging trademark infringement, dilution, copyright infringement, and unfair competition under federal and California law against defendant Cocoon Furnishings, Inc. ("Cocoon Furnishings"). WSI alleges that Cocoon Furnishings has sold furniture and home items that have been marketed in ways that infringe WSI's intellectual property rights. The Court now enters final judgment based upon the following stipulated facts.

I.  **STIPULATED FACTS AND CONCLUSIONS**

A.  This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Cocoon Furnishings. Venue is proper in this Court.

B.  WSI owns a federal trademark registration for POTTERY BARN (Registration No.

2021077; first used April of 1956; registered on December 3, 1996) for use on a variety of furniture and home furnishings. This registration, and all other WSI registrations, applications, and common law marks incorporating the Pottery Barn® name, including "PB," which is a common consumer reference to WSI's "Pottery Barn" brands, will be referred to collectively hereafter as "Pottery Barn Marks." WSI also owns valid copyright registrations for its Pottery Barn® catalogs.

C. Cocoon Furnishings has promoted and sold furniture and other home items using the Pottery Barn Marks, including but not limited to featuring references to the Pottery Barn Marks in its print advertising and on its website, as well as displaying Pottery Barn® and Williams Sonoma Home® catalogs in its showroom. WSI alleges that these uses are likely to cause confusion and deception among consumers.

## II. ORDER AND INJUNCTION

It is hereby ordered and adjudged as follows:

1. Cocoon Furnishings shall pay the sum of $5,000 to WSI within ten days of entry of this Judgment.

2. Commencing as of the "So Ordered" date of this Final Judgment and Permanent Injunction, Cocoon Furnishings, its principals, agents, employees, officers, directors, servants, successors, and assigns, and all persons acting in concert or participating with it or under its control who receive actual notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

   a. Any and all use of the Pottery Barn® name or trademark in connection with any advertising or promotion of Cocoon Furnishings' stores, products, or services, including advertising or promotion of its website, via domain names, URL's, meta tags or metatext, or in any other way. Cocoon Furnishings will, likewise, not use the Pottery Barn® trademarks or "PB" in connection with its price or hang tags, or in any other in-store display.

   b. Distributing or displaying any Pottery Barn® or Williams-Sonoma® catalogs, in whole or in part, or any pages from Pottery Barn® catalogs, in stores, on web sites, in advertising or in any other way.

   c. Any practice, whether explicitly forbidden by this agreement or not, that (a) is

likely to cause consumer confusion or misapprehension about any relationship, affiliation, sponsorship or other connection between Cocoon Furnishings and Williams-Sonoma®, Pottery Barn,® or any other Williams-Sonoma brand, or (b) tends to deceive consumers that (i) Cocoon Furnishings' products are manufactured by the same source as Pottery Barn products, (ii) Cocoon Furnishings' products are equal or equivalent quality as Pottery Barn products if they are not, or (iii) Cocoon Furnishings' products are "discounted" from prices charged for the same products at Pottery Barn® stores.

3. Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

4. This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof, and/or the punishment for any violations thereof.

5. In the event that Cocoon Furnishings violates the terms of this Judgment, subject to five (5) business days' notice of any such violation and Cocoon Furnishings' failure to cure such default within such 5-day period, Cocoon Furnishings shall pay to WSI for WSI's reasonable attorney's fees and costs of this action solely to the extent such fees and costs relate to claims made against Cocoon Furnishings, as well as any enforcement or contempt proceedings against Cocoon Furnishings. For any future proceeding to enforce the terms of this Judgment, service by mail upon a party or their counsel of record at their last known address shall be deemed adequate notice for each party.

**IT IS SO ORDERED AND ADJUDGED.**

DATED: March 3, 2008

_____
Hon. Jeffrey S. White
United States ~~Magistrate~~ Judge