TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (CA State Bar # 111536); *gsgilchrist@townsend.com*
TIMOTHY R. CAHN (CA State Bar # 162136); *trcahn@townsend.com*
VERONICA BESMER (CA State Bar # 246560); *vbesmer@townsend.com*
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
WILLIAMS-SONOMA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>COCOON FURNISHINGS, INC., *et al.*,<br><br>Defendants. | Case No. C-07-4017 JSW<br><br>**PLAINTIFF WILLIAMS-SONOMA, INC.'S CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>**CMC Date:**  **April 25, 2008**<br>**CMC Time:**  **1:30 pm.**<br>**Courtroom:**  **2, 17th Floor**<br>**Judge:**  **Jeffrey S. White** |

Pursuant to the Court's Order of April 2, 2008, Williams-Sonoma, Inc. ("WSI") submits its Case Management Statement separately with a declaration detailing Defendant's failure to meet and confer to file a Joint Case Management Statement. WSI respectfully requests that the Court adopt this Statement as its Case Management Order.

1.    <u>Jurisdiction and Service</u>.  This is an action arising under the Lanham Act (15 U.S.C. §§ 1051, et seq.), the Copyright Act (17 U.S.C. §§ 101, et seq.), and under California statutory and common law. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. Venue is proper in this district and the Court has personal jurisdiction over all current parties. There are no remaining parties to be served.

2.    <u>Facts</u>.  This action was brought by Williams-Sonoma, Inc. against Cocoon Furnishings, Inc. ("Cocoon Furnishings") on August 6, 2007 and against Stephanie Lamons individually and d/b/a Urbanism, Inc. (collectively, "Urbanism") on January 22, 2008.  WSI settled with Cocoon Furnishings, who WSI believes is a licensee of Urbanism, by way of a consent judgment and permanent injunction on February 27, 2008.  At issue here are WSI's copyright registrations for its Pottery Barn® catalogs and its rights in the Pottery Barn® brand, for which WSI owns federal trademark registrations and common law marks (collectively, "Pottery Barn Marks").  WSI alleges in its complaint that Urbanism initially engaged in practices that misrepresented the source and affiliation of its products.  WSI alleges that this conduct includes the following: (i) using the Pottery Barn Marks on Urbanism's website to suggest there is a shared manufacturer for its products and for the Pottery Barn® products; (ii) using the Pottery Barn Marks in print and online advertising, on business cards, and in other promotional materials to suggest that Urbanism is selling Pottery Barn® products; (iii) displaying pages and images from Pottery Barn® catalogs in its showroom  and (iv) making price comparisons that suggest that the "regular" price of Urbanism's products is the price charged by Pottery Barn for the same product.

WSI alleges that Urbanism later licensed this business model to over twenty small furniture stores in various parts of the country, encouraging these licensees to infringe WSI's rights in the same ways.  WSI further alleges that Urbanism is responsible for these infringements because it acted in concert with the purported licensees to create similarly misleading advertising and use of Pottery Barn copyrights to promote their retail operations.  WSI alleges that Urbanism profited from the licensees' store sales and thereby derived a substantial financial benefit from their unlawful conduct.

Urbanism has not yet appeared and has until April 25, 2008 to respond to the complaint.

The principal factual issues in dispute are:

- whether the alleged unlawful conduct of Urbanism and/or its licensees is likely to cause confusion among consumers about the source, affiliation, or sponsorship of Urbanism's or the licensees' products;

- whether the alleged unlawful conduct of Urbanism and/or its licensees falsely communicates that Urbanism's products originate from the same

1    sources as Pottery Barn® products;

2    • whether Urbanism aided and abetted and/or acted in concert with its

3      licensees regarding their alleged unlawful conduct;

4    • whether Urbanism knew about the licensees' alleged unlawful conduct;

5    • whether Urbanism contributed to and encouraged its licensees to engage in

6      their alleged unlawful conduct;

7    • whether the Pottery Barn Marks are distinctive and famous;

8    • whether Urbanism's alleged unlawful conduct impairs the distinctiveness of

9      the Pottery Barn Marks;

10   • whether Urbanism financially profited from the licensees' alleged unlawful

11     conduct;

12   • whether Urbanism's alleged unlawful conduct was willful;

13   • the amount of WSI's damages, if any;

14   • the amount of Urbanism's profits, if any, that is attributable to its unlawful

15     conduct.

16   3.   Legal Issues.  The principal legal issues in dispute are:

17   • whether Urbanism has infringed and is infringing the Pottery Barn Marks

18     and WSI's copyrights;

19   • whether Urbanism contributorily infringed and is contributorily infringing

20     the Pottery Barn Marks and WSI's copyrights;

21   • whether Urbanism induced and is inducing the infringement of the Pottery

22     Barn Marks and WSI's copyrights;

23   • whether Urbanism has violated the Lanham Act by falsely designating the

24     origin of its or its licensees' products;

25   • whether Urbanism has violated the Copyright Act;

26   • whether Urbanism's conduct has diluted the Pottery Barn Marks;

27   • whether Urbanism's alleged conduct violates Cal. Bus. & Prof. Code §

28     17200;

- whether any infringement by Urbanism was willful, and if so, the amount of enhanced or statutory damages and attorneys' fees as may apply;
- whether an injunction should issue if the alleged infringements are established.

4.    Motions.  There are no pending motions.  WSI anticipates that, after discovery, motions for summary judgment on some liability issues may be appropriate.

5.    Amendment of Pleadings.  WSI may seek to amend its complaint to allege additional infringing practices by the present parties and/or by new parties based on discovery.  WSI proposes a deadline of October 23, 2008, for the amendment of the pleadings with the right to seek additional leave of court to amend the pleadings beyond that date.

6.    Evidence Preservation.  The parties conducted a conference pursuant to Fed. R. Civ. P. 26(f) on March 27, 2008.  During that conference, the parties agreed to take steps to preserve relevant evidence, including e-mails and other electronically recorded material.

7.    Disclosures.  WSI proposes that the parties exchange the initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 2, 2008, one week after the case management conference and Urbanism's time to answer the complaint.  The parties each reserve the right to supplement such disclosures as discovery continues.

8.    Discovery.  WSI proposes the following discovery plan:

- *Discovery Needed* -- WSI anticipates written discovery followed by depositions.  WSI may seek to depose alleged third party licensees regarding Urbanism's relationship to their allegedly unlawful conduct;
- *Bifurcation* -- WSI opposes bifurcation for discovery or trial.
- *Interrogatories* -- WSI requests that each party be allowed to serve a maximum of 25 interrogatories.
- *Depositions* -- Because there may be a large number of out of state witnesses offering only brief testimony, WSI requests that each party be allowed to take 70 hours of depositions instead of 10 depositions lasting up to seven hours each.

1  • *Requests for Admission and for Documents* -- WSI requests that there
2  should be no limits on requests for admissions or document discovery
3  requests.

4  9.   Class Actions.  This case is not a class action.

5  10.   Related Cases.  There are no related cases.

6  11.   Relief.  As is more completely detailed in its complaint, WSI seeks the following relief:

7  • A declaration that Urbanism has infringed, and is infringing, the Pottery
8  Barn Marks and WSI's copyrights;

9  • A declaration that Urbanism has contributorily infringed, and is
10  contributorily infringing, the Pottery Barn Marks and WSI's copyrights;

11  • A declaration that Urbanism has diluted, and is diluting, the Pottery Barn
12  Marks;

13  • A declaration that Urbanism has falsely advertised its products and
14  competed unfairly with WSI;

15  • An order permanently enjoining Urbanism and its agents, servants,
16  employees, and all persons acting under its permission and authority from
17  falsely advertising its products, or falsely identifying the origin of its
18  products;

19  • An order that during the pendency of this action, all Pottery Barn® catalogs
20  in the possession of Defendant be impounded and that all such all catalogs
21  and other advertising materials wrongfully using the Pottery Barn Marks
22  and all data, materials, or other means of creating such materials be
23  destroyed upon the entry of final judgment;

24  • Damages arising out of Urbanism's infringement and/or dilution of the
25  Pottery Barn Marks in an amount to be determined at trial, including (i)
26  disgorgement of Urbanism's profits that are attributable to its illegal acts;
27  (ii) WSI's actual damages; and (iii) WSI's lost profits.

28  • Enhanced damages and pre-judgment and post-judgment interest in an

amount to be determined at trial;

- Attorney's fees and other costs of suit;
- Such other costs and further relief which the Court may deem just and proper.

12.    <u>Settlement and ADR</u>.  WSI has filed its ADR Certification by Parties and Counsel. The parties have discussed exchanging information that would be necessary to have informal settlement discussions.

13.    <u>Consent to Magistrate Judge For All Purposes</u>.  WSI did not consent to the assignment of this case to a United States Magistrate Judge and filed a request for reassignment to a United States District Judge on October 3, 2007.  The case was reassigned to Judge White on October 4, 2007.

14.    <u>Other References</u>.  WSI does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  WSI requests that this Court handle all pretrial and trial issues.

15.    <u>Narrowing of Issues</u>.  WSI is not aware at this time of any issues that can be narrowed by agreement or by motion.

16.    <u>Expedited Schedule</u>.  WSI at this time does not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>.  WSI agrees to the discovery limitations set forth in the Federal Rules of Civil Procedure.  WSI proposes the following schedule and requests a trial date in March 2009:

| | |
|---|---|
| Fact discovery cut-off | August 27, 2008 |
| Expert disclosures | September 18, 2008 |
| Rebuttal expert disclosures | October 2, 2008 |
| Expert discovery cut-off | October 23, 2008 |
| Last day for hearing on dispositive motions | January 9, 2009 |
| Last day to serve motions *in limine* | February 3, 2008 |
| Last day to oppose motions *in limine* | February 13, 2009 |
| Last day to file proposed joint pretrial order and other materials required by | February 19, 2009 |

| Court's standing order | |
|---|---|
| Pretrial conference | March 5, 2009 |
| Trial | March ___, 2009 |

18.    Trial.  WSI expects that trial will last 3-5 days.

19.    Disclosure of Non-party Interested Entities or Persons.  WSI has filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.  WSI certifies that other than the named plaintiff there is no person, association of persons, firm, partnership, corporation (including parent corporations) or any other entity to report who would have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Urbanism has not filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.  WSI is not aware of any other matters that may facilitate the disposition of this matter.

DATED:  April 18, 2008                    Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP


By:  _____/s/ Veronica Besmer_____
                Gregory S. Gilchrist
                Timothy R. Cahn
                Veronica Besmer
            Attorneys for Plaintiff WILLIAMS-SONOMA, INC.

### [PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case.  The parties shall comply with this Order.

**IT IS SO ORDERED.**


Dated: _____

_____
Honorable Jeffery S. White
United S. District Judge