LAW OFFICES OF JOHN H. MITCHELL
JOHN H. MITCHELL (CA State Bar # 41489); *johnmitchelllaw@yahoo.com*
600 S. Main Street, Suite 900
Orange, CA 92868
Telephone: (714) 972-9000
Facsimile: (714) 972-9299

Attorney for Defendants
STEPHANIE LAMONS,
individually and doing business as
URBANISM, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>COCOON FURNISHINGS, INC., et al.,<br><br>Defendants. | Case No. C-07-4017 JSW<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>CMC Date:    April 8, 2008<br>CMC Time:    1:30 pm.<br>Courtroom:   2, 17th Floor<br>Judge:       Jeffrey S. White |

Pursuant to the Court's Order of April 2, 2008, Defendants Urbanism and Stephanie Lamons (collectively, "Urbanism") submit their Case Management Statement separately and respectfully request that the Court adopt it as its Case Management Order.

    1.   Jurisdiction and Service. This is an action arising under the Lanham Act (15 U.S.C. §§ 1051, et seq.), the Copyright Act (17 U.S.C. §§ 101, et seq.), and under California statutory and common law. Defendants contend that venue is not proper in this district and that the Court does not have personal jurisdiction over the current parties. Plaintiff states it intends to serve other parties.

    2.   Facts. This action was brought by Williams-Sonoma, Inc. ("WSI") against Cocoon Furnishings, Inc. ("Cocoon Furnishings") on August 6, 2007 and against Stephanie Lamons individually and d/b/a Urbanism, Inc. (collectively, "Urbanism") on January 22, 2008. WSI settled

with Cocoon Furnishings, who WSI believes is a licensee of Urbanism, by way of a consent judgment and permanent injunction on March 3, 2008. At issue here is whether Urbanism initially engaged in practices that misrepresented the source and affiliation of its products. Also at issue is whether Urbanism was (i) using the Pottery Barn Marks on Urbanism's website to suggest there is a shared manufacturer for its products and for the Pottery Barn® products; (ii) using the Pottery Barn Marks in print and online advertising, on business cards, and in other promotional materials to suggest that Urbanism is selling Pottery Barn® products; (iii) displaying pages and images from Pottery Barn® catalogs in its showroom and (iv) making price comparisons that suggest that the "regular" price of Urbanism's products is the price charged by Pottery Barn for the same product.

At issue is whether Urbanism was encouraging licensees to infringe WSI's rights as herein above set forth. Whether Urbanism acted in concert with the purported licensees to create similarly misleading advertising support and use of Pottery Barn copyrights to promote their retail operations.

Urbanism denies these allegations and claims the following affirmative defenses:

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants, laches, unclean hands, accord and satisfaction, Statute of Limitations, speculative and uncertain damages.

2. Plaintiff is barred from recovery herein by reason of the contractual agreement by and between Plaintiff and the Defendant.

3. Plaintiff is barred from recovery herein in that each alleged cause of action was filed after the running of the Statute of Limitations.

4. Plaintiff is barred from recovery herein by reason of their breach of any contract alleged in the Complaint; their failure to comply with the terms of any such contract; their failure to meet the terms and conditions of consideration required of the them; their retention of the benefits under the contract; their ratification of the contract as executed.

5. Plaintiff has not suffered any damages as alleged; but, if so, said damages are entirely speculative, uncertain and not subject to reasonable determination by a trier of fact.

6. The purported contract alleged in the complaint is unsupported by consideration or such consideration has materially failed thereby barring any and all relief requested by Plaintiff.

7. Plaintiff lacks standing to sue upon the claims asserted.

8. In entering into the subject contract, plaintiff obligated itself to perform certain conditions in order to enforce any rights thereunder. Plaintiff has failed to perform the conditions as required, thereby discharging these answering Defendants from any obligations thereunder.

The principal factual issues in dispute are:

- whether Urbanism's alleged unlawful conduct is likely to cause confusion among consumers about the source of Urbanism's or the licensees' products;
- whether Urbanism's alleged unlawful conduct is likely to cause confusion among consumers about the affiliation of Urbanism's or the licensees' products;
- whether Urbanism's conduct is likely to cause confusion among consumers about the sponsorship of Urbanism's or the licensees' products;
- whether the alleged unlawful conduct of Urbanism falsely communicates that Urbanism's products originate from the same sources as Pottery Barn® products;
- whether the alleged unlawful conduct of its licensees falsely communicates that Urbanism's products originate from the same sources as Pottery Barn® products;
- whether Urbanism acted in concert with its licensees regarding their alleged unlawful conduct;
- whether Urbanism knew about the licensees' alleged unlawful conduct;
- whether Urbanism encouraged its licensees to engage in their alleged unlawful conduct;
- whether Urbanism's alleged unlawful conduct impairs the distinctiveness of the Pottery Barn Marks;
- whether Urbanism financially profited from the licensees' alleged unlawful

conduct;

- whether Urbanism's alleged unlawful conduct was willful;
- the amount of WSI's damages, if any;

3. <u>Legal Issues</u>. The principal legal issues in dispute are:

- whether Urbanism has infringed and is infringing the Pottery Barn Marks and WSI's copyrights;
- whether Urbanism contributorily infringed and is contributorily infringing the Pottery Barn Marks and WSI's copyrights;
- whether Urbanism induced and is inducing the infringement of the Pottery Barn Marks and WSI's copyrights;
- whether Urbanism has violated the Lanham Act by falsely designating the origin of its or its licensees' products;
- whether Urbanism has violated the Copyright Act as to WSI;
- whether Urbanism's conduct has diluted the Pottery Barn Marks;
- whether Urbanism's alleged conduct violates Cal. Bus. & Prof. Code § 17200;
- whether any infringement by Urbanism was willful, and if so, the amount of enhanced or statutory damages and attorneys' fees as may apply;
- whether an injunction should issue if the alleged infringements are established.

4. <u>Motions</u>. There are no pending motions. There will be motions for Change of Venue and for Preemption of Causes of Action.

5. <u>Amendment of Pleadings</u>. WSI may seek to amend its complaint to allege additional infringing practices by the present parties and/or by new parties based on discovery. Defendants propose a deadline of May 31, 2008, for the amendment of the pleadings.

6. <u>Evidence Preservation</u>. The parties conducted a conference pursuant to Fed. R. Civ. P. 26(f) on March 27, 2008. During that conference, Urbanism agreed to preserve relevant evidence.

7. <u>Disclosures</u>. The parties will timely exchange the initial disclosures pursuant to Fed.

R. Civ. P. 26(a)(1). The parties each reserve the right to supplement such disclosures as discovery continues.

8. <u>Discovery</u>. The parties agreed to the following discovery plan:

- *Discovery Needed* -- The parties anticipate written discovery followed by depositions. WSI may seek to depose alleged third party licensees regarding Urbanism's relationship to their allegedly unlawful conduct;
- *Bifurcation* -- Defendants request bifurcation of liability and damages and request bifurcation of discovery regarding liability and damages.
- *Interrogatories* -- The parties request that each party be allowed to serve a maximum of 25 interrogatories.
- *Depositions* -- Because there may be a large number of out of state witnesses offering only brief testimony, WSI requests that each party be allowed to take 70 hours of depositions instead of 10 depositions lasting up to seven hours each. Defendants request the usual limit of 10 depositions lasting up to seven hours each.
- *Requests for Admission and for Documents* -- There should be no limits on requests for admissions or document discovery requests.

9. <u>Class Actions</u>. This case is not a class action.

10. <u>Related Cases</u>. There are related cases known to plaintiff.

11. <u>Relief</u>. As is more completely detailed in its complaint, WSI seeks the following relief:

- A declaration that Urbanism has infringed, and is infringing, the Pottery Barn Marks and WSI's copyrights;
- A declaration that Urbanism has contributorily infringed, and is contributorily infringing, the Pottery Barn Marks and WSI's copyrights;
- A declaration that Urbanism has diluted, and is diluting, the Pottery Barn Marks;
- A declaration that Urbanism has falsely advertised its products and competed unfairly with WSI;

- An order permanently enjoining Urbanism and its agents, servants, employees, and all persons acting under its permission and authority from falsely advertising its products, or falsely identifying the origin of its products;
- An order that during the pendency of this action, all Pottery Barn® catalogs in the possession of Defendant be impounded and that all such all catalogs and other advertising materials wrongfully using the Pottery Barn Marks and all data, materials, or other means of creating such materials be destroyed upon the entry of final judgment;
- Damages arising out of Urbanism's infringement and/or dilution of the Pottery Barn Marks in an amount to be determined at trial, including (i) disgorgement of Urbanism's profits that are attributable to its illegal acts; (ii) WSI's actual damages; and (iii) WSI's lost profits.
- Enhanced damages and pre-judgment and post-judgment interest in an amount to be determined at trial;
- Attorney's fees and other costs of suit;
- Such other costs and further relief which the Court may deem just and proper.
- Defendant request denial of all relief requested.

12. <u>Settlement and ADR</u>. The parties have agreed to mediation through the court sponsored ADR program and will file their ADR election to that effect. The parties have discussed exchanging information that would be necessary to have informal settlement discussions.

13. <u>Consent to Magistrate Judge For All Purposes</u>. WSI did not consent to the assignment of this case to a United States Magistrate Judge and filed a request for reassignment to a United States District Judge on October 3, 2007. The case was reassigned to Judge White on October 4, 2007.

14. <u>Other References</u>. The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The parties request that this Court handle all pretrial and trial issues.

15. <u>Narrowing of Issues</u>. The parties are not aware at this time of any issues that can be narrowed by agreement or by motion.

16. <u>Expedited Schedule</u>. The parties at this time do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>. The parties agree to the discovery limitations set forth in the Federal Rules of Civil Procedure. Defendant request the to the following schedule and request a trial date in March 2009:

| | |
|---|---|
| Fact discovery cut-off | August 27, 2008 |
| Expert disclosures | September 18, 2008 |
| Rebuttal expert disclosures | October 2, 2008 |
| Expert discovery cut-off | October 23, 2008 |
| Last day for hearing on dispositive motions | December 9, 2008 |
| Last day to serve motions *in limine* | One month after decision |
| Last day to oppose motions *in limine* | 10 days later |
| Last day to file proposed joint pretrial order and other materials required by Court's standing order | Six days later |
| Pretrial conference | March 5, 2009 |
| Trial | March ___, 2009 |

18. <u>Trial</u>. Defendants do not know how long it will take plaintiff to present its case.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>. WSI has filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16. WSI certifies that other than the named plaintiff there is no person, association of persons, firm, partnership, corporation (including parent corporations) or any other entity to report who would have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Interested entities or persons are protected by agreements including confidentiality. However,

61160573 v1    DEFENDANTS CASE MGMT. CONF. STMT. AND [PROPOSED] ORDER                           - 7 -
*Williams-Sonoma, Inc. v. Cocoon, et al.*; Case No. C-07-4017 JSW

1  defendants are informed and believe that plaintiff has obtained all information as a part of its
2  settlement with other parties and knows the identity of all persons and entities that could be
3  substantially affected by the outcome of this proceeding.

4      20  <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this
5  matter.</u>  The parties are not aware of any other matters that may facilitate the disposition of this matter.

6  DATED: April 18, 2008          Respectfully submitted,

7                                    LAW OFFICES OF JOHN H. MITCHELL

8                                  By:  _____
9                                     John H. Mitchell
                                   Attorneys for Defendants STEPHANIE LAMONS AND
10                                    URBANISM, INC.

## [PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case. The parties shall comply with this Order.

**IT IS SO ORDERED.**


Dated: _____

                                                                               _____
                                                                               Honorable Jeffery S. White
                                                                               United S District Judge