TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (CA State Bar # 111536); *gsgilchrist@townsend.com*
VERONICA BESMER (CA State Bar # 246560); *vbesmer@townsend.com*
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300

Attorneys for Plaintiff
WILLIAMS-SONOMA, INC.

LAW OFFICES OF JOHN H. MITCHELL
JOHN H. MITCHELL (CA State Bar # 41489); *johnmitchelllaw@yahoo.com*
600 S. Main Street, Suite 900
Orange, CA 92868
Telephone: (714) 972-9000
Facsimile: (714) 972-9299

Attorney for Defendants
STEPHANIE LAMONS,
individually and doing business as
URBANISM, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., a California corporation,<br><br>               Plaintiff,<br><br>         v.<br><br>COCOON FURNISHINGS, INC., *et al.*,<br><br>            Defendants. | Case No. C-07-4017 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>**CMC Date:**    **April 25, 2008**<br>**CMC Time:**    **1:30 pm.**<br>**Courtroom:**    **2, 17th Floor**<br>**Judge:**       **Jeffrey S. White** |

      Pursuant to the Court's Order of April 2, 2008, the parties in the above-entitled action jointly submit this Case Management Statement and respectfully request that the Court adopt it as its Case Management Order.

1.  Jurisdiction and Service.  This is an action arising under the Lanham Act (15 U.S.C. §§ 1051, et seq.), the Copyright Act (17 U.S.C. §§ 101, et seq.), and under California statutory and common law.  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  WSI contends that venue is proper in this district and the Court has personal jurisdiction over all current parties.  Urbanism contends that venue is not proper in this district and that the Court does not have personal jurisdiction over the current parties.  There are no remaining parties to be served.

2.  Facts.  This action was brought by Williams-Sonoma, Inc. ("WSI") against Cocoon Furnishings, Inc. ("Cocoon Furnishings") on August 6, 2007 and against Stephanie Lamons individually and d/b/a Urbanism, Inc. (collectively, "Urbanism") on January 22, 2008.  WSI settled with Cocoon Furnishings, who WSI believes is a licensee of Urbanism, by way of a consent judgment and permanent injunction on February 27, 2008.  At issue here are WSI's copyright registrations for its Pottery Barn® catalogs and its rights in the Pottery Barn® brand, for which WSI owns federal trademark registrations and common law marks (collectively, "Pottery Barn Marks").  WSI alleges in its complaint that Urbanism initially engaged in practices that misrepresented the source and affiliation of its products.  WSI alleges that this conduct includes the following: (i) using the Pottery Barn Marks on Urbanism's website to suggest there is a shared manufacturer for its products and for the Pottery Barn® products; (ii) using the Pottery Barn Marks in print and online advertising, on business cards, and in other promotional materials to suggest that Urbanism is selling Pottery Barn® products; (iii) displaying pages and images from Pottery Barn® catalogs in its showroom  and (iv) making price comparisons that suggest that the "regular" price of Urbanism's products is the price charged by Pottery Barn for the same product.

WSI alleges that Urbanism later licensed this business model to over twenty small furniture stores in various parts of the country, encouraging these licensees to infringe WSI's rights in the same ways.  WSI further alleges that Urbanism is responsible for these infringements because it acted in concert with the purported licensees to create similarly misleading advertising and use of Pottery Barn copyrights to promote their retail operations.  WSI alleges that Urbanism profited from the licensees' store sales and thereby derived a substantial financial benefit from their unlawful conduct.

Urbanism denies these allegations and claims the following affirmative defenses:

1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants, laches, unclean hands, accord and satisfaction, Statute of Limitations, speculative and uncertain damages.

2.      Plaintiff is barred from recovery herein by reason of the contractual agreement by and between Plaintiff and the Defendant.

3.      Plaintiff is barred from recovery herein in that each alleged cause of action was filed after the running of the Statute of Limitations.

4.      Plaintiff is barred from recovery herein by reason of their breach of any contract alleged in the Complaint; their failure to comply with the terms of any such contract; their failure to meet the terms and conditions of consideration required of the them; their retention of the benefits under the contract; their ratification of the contract as executed.

5.      Plaintiff has not suffered any damages as alleged; but, if so, said damages are entirely speculative, uncertain and not subject to reasonable determination by a trier of fact.

6.      The purported contract alleged in the complaint is unsupported by consideration or such consideration has materially failed thereby barring any and all relief requested by Plaintiff.

7.      Plaintiff lacks standing to sue upon the claims asserted.

8.      In entering into the subject contract, plaintiff obligated itself to perform certain conditions in order to enforce any rights thereunder.  Plaintiff has failed to perform the conditions as required, thereby discharging these answering Defendants from any obligations thereunder.

The principal factual issues in dispute are:

- whether the alleged unlawful conduct of Urbanism  is likely to cause confusion among consumers about the source, affiliation, or sponsorship of Urbanism's or the licensees' products;

- whether the alleged unlawful conduct of Urbanism's licensees is likely to cause confusion among consumers about the source, affiliation, or sponsorship of Urbanism's or the licensees' products;

- whether the alleged unlawful conduct of Urbanism falsely communicates that Urbanism's products originate from the same sources as Pottery Barn® products;
- whether the alleged unlawful conduct of Urbanism's licensees falsely communicates that Urbanism's or the licensees' products originate from the same sources as Pottery Barn® products;
- whether Urbanism aided and abetted its licensees regarding their alleged unlawful conduct;
- whether Urbanism acted in concert with its licensees regarding their alleged unlawful conduct;
- whether Urbanism knew about the licensees' alleged unlawful conduct;
- whether Urbanism contributed to and encouraged its licensees to engage in their alleged unlawful conduct;
- whether Urbanism's alleged unlawful conduct impairs the distinctiveness of the Pottery Barn Marks;
- whether Urbanism financially profited from the licensees' alleged unlawful conduct;
- whether Urbanism's alleged unlawful conduct was willful;
- the amount of WSI's damages, if any;
- the amount of Urbanism's profits, if any, that is attributable to its unlawful conduct.

3.    Legal Issues.  The principal legal issues in dispute are:

- whether Urbanism has infringed and is infringing the Pottery Barn Marks and WSI's copyrights;
- whether Urbanism contributorily infringed and is contributorily infringing the Pottery Barn Marks and WSI's copyrights;
- whether Urbanism induced and is inducing the infringement of the Pottery Barn Marks and WSI's copyrights;
- whether Urbanism has violated the Lanham Act by falsely designating the origin of its or its licensees' products;

1        • whether Urbanism has violated the Copyright Act as to WSI;

2        • whether Urbanism's conduct has diluted the Pottery Barn Marks;

3        • whether Urbanism's alleged conduct violates Cal. Bus. & Prof. Code § 17200;

4        • whether any infringement by Urbanism was willful, and if so, the amount of

5            enhanced or statutory damages and attorneys' fees as may apply;

6        • whether an injunction should issue if the alleged infringements are established.

7        4.    Motions.  There are no pending motions.  WSI anticipates that, after discovery, motions

8    for summary judgment on some liability issues may be appropriate.  Urbanism anticipates filing

9    motions for Change of Venue and for Preemption of Causes of Action.

10       5.    Amendment of Pleadings.  WSI may seek to amend its complaint to allege additional

11   infringing practices by the present parties and/or by new parties based on discovery.  The parties

12   propose a deadline of July 1, 2008, for the amendment of the pleadings with the right to seek

13   additional leave of court to amend the pleadings beyond that date.  If WSI amends the pleadings in a

14   manner that will require substantial new discovery, the parties expect the discovery cut-off to change.

15       6.    Evidence Preservation.  The parties conducted a conference pursuant to Fed. R. Civ.

16   P. 26(f) on March 27, 2008.  During that conference, the parties agreed to take steps to preserve

17   relevant evidence, including e-mails and other electronically recorded material.

18       7.    Disclosures.  The parties propose that the parties exchange the initial disclosures

19   pursuant to Fed. R. Civ. P. 26(a)(1) on May 2, 2008, one week after the case management conference

20   and Urbanism's time to answer the complaint.  The parties each reserve the right to supplement such

21   disclosures as discovery continues.

22       8.    Discovery.  The parties agreed to the following discovery plan:

23            *Discovery Needed* -- The parties anticipate written discovery followed by depositions.

24   WSI may seek to depose alleged third party licensees regarding Urbanism's relationship to their

25   allegedly unlawful conduct;

26            *Bifurcation* --.  Urbanism requests bifurcation of liability and damages and requests

27   bifurcation of discovery regarding liability and damages. WSI opposes bifurcation for discovery or

28   trial

1    *Interrogatories* -- The parties request that each party be allowed to serve a maximum of

2    25 interrogatories.

3    *Depositions* -- Because there may be a large number of out of state witnesses offering

4    only brief testimony, WSI requests that each party be allowed to take 70 hours of depositions instead

5    of 10 depositions lasting up to seven hours each.  Defendants request the usual limit of 10 depositions

6    lasting up to seven hours each.

7    *Requests for Admission and for Documents* -- The parties request that there should be

8    no limits on requests for admissions or document discovery requests.

9       9.    <u>Class Actions</u>.  This case is not a class action.

10      10.   <u>Related Cases</u>.  There are no related cases.  WSI brought trademark infringement

11   actions against two licensees of Urbanism, Cocoon Furnishings (this district) and The Bungalow Too,

12   Inc., (Central District of California) and settled with both parties in February 2008.

13      11.   <u>Relief</u>.  As is more completely detailed in its complaint, WSI seeks the following relief:

14       • A declaration that Urbanism has infringed, and is infringing, the Pottery Barn

15          Marks and WSI's copyrights;

16       • A declaration that Urbanism has contributorily infringed, and is contributorily

17          infringing, the Pottery Barn Marks and WSI's copyrights;

18       • A declaration that Urbanism has diluted, and is diluting, the Pottery Barn Marks;

19       • A declaration that Urbanism has falsely advertised its products and competed

20          unfairly with WSI;

21       • An order permanently enjoining Urbanism and its agents, servants, employees, and

22          all persons acting under its permission and authority from falsely advertising its

23          products, or falsely identifying the origin of its products;

24       • An order that during the pendency of this action, all Pottery Barn® catalogs in the

25          possession of Defendant be impounded and that all such all catalogs and other

26          advertising materials wrongfully using the Pottery Barn Marks and all data,

27          materials, or other means of creating such materials be destroyed upon the entry of

28          final judgment;

- Damages arising out of Urbanism's infringement and/or dilution of the Pottery Barn Marks in an amount to be determined at trial, including (i) disgorgement of Urbanism's profits that are attributable to its illegal acts; (ii) WSI's actual damages; and (iii) WSI's lost profits.

- Enhanced damages and pre-judgment and post-judgment interest in an amount to be determined at trial;

- Attorney's fees and other costs of suit;

- Such other costs and further relief which the Court may deem just and proper.

Urbanism requests denial of all relief requested;

- Attorney fees and other costs of suit; and

- Such other costs and further proper relief which the Court may deem just.

12.    Settlement and ADR.  WSI has filed its ADR Certification by Parties and Counsel. The parties have agreed to mediation through the court sponsored ADR program and have filed the form "Stipulation And [Proposed] Order Selecting ADR Process."  The parties have discussed exchanging information that would be necessary to have informal settlement discussions.

13.    Consent to Magistrate Judge For All Purposes.  WSI did not consent to the assignment of this case to a United States Magistrate Judge and filed a request for reassignment to a United States District Judge on October 3, 2007.  The case was reassigned to Judge White on October 4, 2007.

14.    Other References.  The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  The parties request that this Court handle all pretrial and trial issues.

15.    Narrowing of Issues.  The parties are not aware at this time of any issues that can be narrowed by agreement or by motion.

16.    Expedited Schedule.  The parties at this time do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling.  The parties agree to the discovery limitations set forth in the Federal Rules of Civil Procedure.  The parties agree to the following schedule and requests a trial date in March 2009:

| Fact discovery cut-off | August 27, 2008 |
|---|---|
| Expert disclosures | September 18, 2008 |
| Rebuttal expert disclosures | October 2, 2008 |
| Expert discovery cut-off | October 23, 2008 |
| Last day for hearing on dispositive motions | December 9, 2008 |
| Last day to serve motions *in limine* | February 3, 2009 |
| Last day to oppose motions *in limine* | February 13, 2009 |
| Last day to file proposed joint pretrial order and other materials required by Court's standing order | February 19, 2009 |
| Pretrial conference | March 5, 2009 |
| Trial | March ___, 2009 |

18.    Trial.  WSI expects that trial will last 3-5 days.  Urbanism does not know how long it will take WSI to present its case.

19.    Disclosure of Non-party Interested Entities or Persons.  WSI has filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.  WSI certifies that other than the named plaintiff there is no person, association of persons, firm, partnership, corporation (including parent corporations) or any other entity to report who would have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Urbanism has filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.  Urbanism certifies that other than the named defendants there is no person, association of persons, firm, partnership, corporation (including parent corporations) or any other entity to report who would have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

//

//

1    20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this

2  matter.  The parties are not aware of any other matters that may facilitate the disposition of this matter.

3  DATED:  April 22, 2008                    Respectfully submitted,

4                                            TOWNSEND AND TOWNSEND AND CREW LLP

5

6                                            By:  _____/s/ Veronica Besmer_____
                                                  Gregory S. Gilchrist
7                                                 Veronica Besmer
                                                  Attorneys for Plaintiff WILLIAMS-SONOMA, INC.
8

9  DATED:  April 22, 2008                    Respectfully submitted,

10                                           LAW OFFICES OF JOHN H. MITCHELL

11

12                                           By:  _____/s/ John H. Mitchell_____
                                                  John H. Mitchell
13                                                Attorneys for Defendants STEPHANIE LAMONS AND
                                                  URBANISM, INC.

14

15

16

17                          **[PROPOSED] CASE MANAGEMENT ORDER**

18
   The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case
19
   Management Order for the case.  The parties shall comply with this Order.
20
   **IT IS SO ORDERED.**
21

22

23  Dated: _____

24                                   _____
                                     Honorable Jeffery S. White
25                                   United S. District Judge

26

27

28

1

**GENERAL ORDER 45 ATTESTATION**

2

3        I, Veronica Besmer, am the ECF user whose ID and password are being used to file this

4   STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS.  In compliance with

5   General Order 45, X.B., I hereby attest that John H. Mitchell has concurred in this filing.

6

7

8                    /s/ Veronica Besmer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MGMT. CONF. STMT. AND [PROPOSED] ORDER                    - 1 -
*Williams-Sonoma, Inc. v. Cocoon, et al.*; Case No. C-07-4017 JSW