John H. Mitchell, Esq. (Bar No. 41489)
LAW OFFICES OF JOHN H. MITCHELL
600 South Main Street, Suite 900
Orange, California 92868
Telephone: (714) 972-9000
Facsimile: (714) 972-9299

Attorneys for Defendant
URBANISM, INC., a California corporation;
STEPHANIE LAMONS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC , a California corporation ) | CASE NO    C-07-04017 JSW |
| Plaintiff, ) | **ANSWER OF URBANISM, INC AND STEPHANIE LAMONS** |
| vs. ) | |
| COCOON FURNISHINGS, INC., a California corporation; STEPHANIE LAMONS, an individual and doing business as URBANISM, INC , a California corporation. ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

**NOW COME** the Defendants, Urbanism, Inc. and Stephanie Lamons (herein "URBANISM"), by their attorney, John H. Mitchell, and answer the complaint of Williams-Somona, Inc. as follows:

# PARTIES AND JURISDICTION

1.  Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 1.

2.  Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 2

3.  Defendants deny there exists a unity of interest and ownership between Lamons and Urbanism, Inc. (collectively, "Urbanism"), such that any individuality and separateness between Lamons and Urbanism have ceased, and Urbanism is the alter ego of Lamons and that as detailed below, infringe WSI's trademarks and copyrights. Admit other allegations in paragraph 3

4  Defendant deny the allegations of paragraph 4..

5.  Defendant deny the allegations of paragraph 5.

6.  Defendant admits the allegations of paragraph 6

7.  Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 7.

8.  Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 8.

9.  Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 9.

10.  Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 10.

11.  Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 11.

12.  Defendants lack sufficient information and belief, and based thereon, denies the

ANSWER OF URBANISM INC AND STEPHANIE LAMONS

allegations of paragraph 12.

13. Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 13.

14. Defendants lack sufficient information and belief, and based thereon, denies the allegations of paragraph 14.

15. Defendants admit Urbanism engages in selling licenses for use of a "business model" and disclosure of trade secret information in exchange for royalties. Deny other allegations in paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny "similar" and admit the allegations of paragraph 17.

18. Defendants admit that Urbanism has a contractual right to obtain sales reports and substantiating statements and/or documents so it can verify the accuracy of the reported gross receipts. Defendants deny other allegations in paragraph 18.

19. Defendants deny the allegations of paragraph 19 but admit the quotes in lines 21-23 and that defendants are not authorized to offer or sell genuine Pottery Barn® products and WSI does not believe that it does so.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§1114-1117; Lanham Act §32)**
**(AGAINST ALL DEFENDANTS)**

24. In response to paragraph 24, Defendants incorporates herein by reference its answers to paragraphs 1-23 above.

25. Defendants deny the allegations of paragraph 25

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

**SECOND CLAIM**
**CONTRIBUTORY TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§1114-1117 and 1125; Lanham Act §32)**
**(AGAINST URBANISM)**

30. In response to paragraph 30, Defendant incorporates herein by reference its answers to paragraphs 1-29 above.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33

34. Defendants deny the allegations of paragraph 34.

\\\

\\\

ANSWER OF URBANISM, INC. AND STEPHANIE LAMONS

1

## THIRD CLAIM
## FEDERAL DILUTION OF FAMOUS MARK
### (Federal Trademark Dilution Act of 1995)
### (15 U.S.C. §1125(c)l Lanham Act §43(c))
### (AGAINST ALL DEFENDANTS)

35. In response to paragraph 35, Defendant incorporates herein by reference its answers to paragraphs 1-34 above.

36. Defendants lacks sufficient information and belief, and based thereon, denies the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.


## FOURTH CLAIM
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §101, et. seq.)
### (AGAINST ALL DEFENDANTS)

42. In response to paragraph 42, Defendant incorporates herein by reference its answers to paragraphs 1-41 above.

43. Defendants lacks sufficient information and belief, and based thereon, denies the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47

## FIFTH CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description
### (15 U.S.C. §1125(a); Lanham Act §43(a))
### (AGAINST ALL DEFENDANTS)

48. In response to paragraph 48, Defendant incorporates herein by reference its answers to paragraphs 1-47 above.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52

## SIXTH CLAIM
## CALIFORNIA TRADEMARK INFRINGEMENT
### (Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)
### (AGAINST ALL DEFENDANTS)

53. In response to paragraph 53, Defendant incorporates herein by reference its answers to paragraphs 1-52 above.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

## SEVENTH CLAIM
## CALIFORNIA FALSE ADVERTISING
### (Cal. Common Law and Bus. & Prof. Code §§ 17500, 17501, 17508)
### (AGAINST ALL DEFENDANTS)

59. In response to paragraph 59, Defendant incorporates herein by reference its answers to paragraphs 1-58 above.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

## EIGHTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code §§ 17200)
### (AGAINST ALL DEFENDANTS)

64. In response to paragraph 64, Defendant incorporates herein by reference its answers to paragraphs 1-63 above.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67

WHEREFORE, answering Defendant prays that Plaintiff take nothing by their complaint, and for costs of suit herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint is barred from recovery by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is barred from recovery by reason of their conduct and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is barred from recovery herein by reason of accord and satisfaction as between the Plaintiff and the Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is barred from recovery herein by reason of the contractual agreement by and between Plaintiff and the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is barred from recovery herein in that each alleged cause of action was filed after the running of the Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is barred from recovery herein by reason of their breach of any contract alleged in the Complaint; their failure to comply with the terms of any such contract; their failure to meet the terms and conditions of consideration required of the them; their retention of the benefits under the contract; their ratification of the contract as executed.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff has not suffered any damages as alleged; but, if so, said damages are entirely speculative, uncertain and not subject to reasonable determination by a trier of fact.

### NINTH AFFIRMATIVE DEFENSE

9.      The purported contract alleged in the complaint is unsupported by consideration or such consideration has materially failed thereby barring any and all relief requested by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

10      Plaintiff lacks standing to sue upon the claims asserted

### ELEVENTH AFFIRMATIVE DEFENSE

11.     In entering into the subject contract, plaintiff obligated itself to perform certain conditions in order to enforce any rights thereunder. Plaintiff has failed to perform the conditions as required, thereby discharging these answering Defendants from any obligations thereunder.

### TWELFTH AFFIRMATIVE DEFENSE

12      If plaintiff is entitled to damages, which is denied, said damages have been paid to their full extent in that Defendants have cross-demands for money against plaintiff which equal or exceed those claimed by plaintiff and for which Defendants are entitled to an offset.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The Plaintiff has engaged in conduct with respect to the activities which are the subject of the Counterclaim, and by reason of said activities and conduct, are estopped from asserting any claim or damages or seeking any other relief against this answering Counterclaim-Defendant.

Dated: May 14, 2008

LAW OFFICES OF JOHN H. MITCHELL

JOHN H. MITCHELL
Attorneys for Defendants URBANISM, INC.
and STEPHANIE LAMONS

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 S. Main Street, Suite 900, Orange, CA 92868

On May 14, 2008, I served the foregoing document described as **ANSWER OF URBANISM, INC. AND STEPHANIE LAMONS** on all interested parties in this action by placing true copies thereof in sealed envelopes addressed as follows:

Gregory S. Gilchrist, Esq
Veronic Besmer, Esq.
Townsend & Townsend & Chow, LLP
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
(415) 576-0200 telephone
(415) 576-0300 facsimile

(X)    BY MAIL: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S Postal Service on that same day with postage thereon fully prepaid at Orange, California, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if postal cancellation date is more than one day after date of deposit for mailing in declaration.

Executed on May 14, 2008, at Orange, California.

(x)    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Kelly N. Crow